61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brindia K. BRYANT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3153.
 United States Court of Appeals, Federal Circuit.
 July 13, 1995.
 
 Before RICH, CLEVENGER, and RADER, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Brindia K. Bryant (Bryant) seeks review of the June 1, 1994 Initial Decision of the Merit Systems Protection Board's (Board) Administrative Judge (AJ), Docket No. DC-1221-94-0360-W-1, dismissing her appeal for lack of jurisdiction. The AJ's decision became the final decision of the Board on November 10, 1994 when the Board denied Bryant's petition for review. We affirm.
 
 DISCUSSION
 
 2
 On March 23, 1994, Bryant filed an individual right of action (IRA) appeal with the Board requesting corrective action following a March 11, 1994 letter from the Office of Special Counsel (OSC) stating that it concluded its investigation previously instituted by Bryant.
 
 
 3
 An IRA appeal is an appeal from any personnel action, as defined in 5 C.F.R. Sec. 1209.4(a), threatened, proposed, taken or not taken because of the appellant's whistleblowing activities. 5 C.F.R. Sec. 1209.2(b). Before filing an IRA appeal, the party must have first sought corrective action from OSC alleging reprisal for whistleblowing activity. 5 U.S.C. Sec. 1214(a)(3) (1988).
 
 
 4
 Bryant was twice directed by the AJ to provide evidence that she had first raised her whistleblowing allegations with the OSC. And, although Bryant did submit evidence that she filed a complaint with the OSC, the Board found that she failed to submit any evidence that she brought any whistleblowing allegations before the OSC. Accordingly, the Board dismissed her appeal for lack of jurisdiction.
 
 
 5
 Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence.
 
 
 9
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 10
 The Board's decision was not any of the above. The Board properly concluded that Bryant had not established that she first sought corrective action from OSC with regard to any whistleblowing allegations. For this reason, the Board had no jurisdiction over Bryant's appeal. Accordingly, the decision of the Board must be affirmed.